IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROLANDIS LARENZO CHATMON,
ADC #140078                                                                                          PETITIONER

v.                                      Case No. 5:16-cv-00133 KGB/JTR

WENDY KELLEY                                                                                       RESPONDENT

## ORDER

The Court has received the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 113). Petitioner Rolandis Larenzo Chatmon filed objections to the Recommended Disposition (Dkt. No. 117). After careful review of the Recommended Disposition and Mr. Chatmon's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 113). Mr. Chatmon's petition for writ of habeas corpus is denied (Dkt. Nos. 2, 74, 84, 89). This case is dismissed with prejudice. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)-(2).

Also before the Court are a motion for relief pursuant to Rule 60(b)(4) and an amended motion for relief pursuant to Rule 60(b)(4) filed by Mr. Chatmon (Dkt. Nos. 121, 123). In his motions, Mr. Chatmon asserts that "the judge presiding over [his] case and trial . . . had no capacity to act as Court, thus, resulting in a lack of subject-matter jurisdiction." (Dkt. No. 121, at 1). He submits that the state trial judge's law license was "revoked by the repeal of Article 7 of the Arkansas Constitution and every ruling, decree, order, and judgment is actually void" (*Id.*, at 2). Mr. Chatmon argues that, because the state trial judge presiding over his criminal case did not possess a valid law license, he could not preside lawfully as judge, and thus the court did not have subject matter jurisdiction over Mr. Chatmon's case (*Id.*). Mr. Chatmon asserts and reasserts

arguments challenging the authority of the state trial judge who presided over his criminal case in his amended motion (Dkt. No. 123).

Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment if it is void. Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). A Rule 60(b)(4) motion to void the judgment for lack of subject matter jurisdiction will succeed only "if the absence of jurisdiction was so glaring as to constitute a 'total want of jurisdiction' or a 'plain usurpation of power' so as to render the judgment void from its inception." *Kansas City So. Ry. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.) (en banc), *cert. denied*, 449 U.S. 955 (1980). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Espinosa*, 599 U.S. at 271 (citing *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

The Court finds no merit in Mr. Chatmon's contention that the state trial court lacked subject matter jurisdiction over his criminal case. The Court concludes that the criminal judgment in this case against Mr. Chatmon is not void within the meaning of Rule 60(b)(4). Accordingly, the motion and amended motion for relief are denied (Dkt. Nos. 121, 123).

It is therefore ordered that:

1. The Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 113). Mr. Chatmon's petition for writ of habeas corpus is denied (Dkt. Nos. 2, 74, 84, 89). This case is dismissed with prejudice;

2. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)-(2); and

3. Mr. Chatmon's motion and amended motion for relief are denied (Dkt. Nos. 121, 123).

So ordered this 1st day of August, 2018.

_____
Kristine G. Baker
United States District Judge